UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


SCOTT R. JEWELL and GABRIELLA        6:12-cv-30-AA
I. PECORA,
                                     OPINION AND ORDER
        Plaintiffs,

    v.

AURORA LOAN SERVICES, LLC, a
Delaware limited liability
company; AURORA BANK, FSB, a
chartered Savings Association,

        Defendants.

AIKEN, Chief Judge:

On January 9, 2012, plaintiffs filed this action alleging violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq., and violation of a bankruptcy discharge injunction. Plaintiffs sought declaratory relief and statutory, economic, and non-economic damages. After defendants failed to

1    - OPINION AND ORDER

respond or answer the Complaint within the time prescribed, plaintiffs moved for entry of default and default judgment. On March 3, 2012 and April 4, 2012, default judgments were entered against defendants, and plaintiffs moved for attorney fees. On May 4, 2012, defendants moved to set aside and vacate the default judgments. Defendants' motions are granted.

## DISCUSSION

Defendants maintain that staffing issues resulted in the inadvertent failure to distribute plaintiffs' complaint and summons to the appropriate entity or department. Defendants state that their legal department first became aware of plaintiffs' claims when it received notice of plaintiffs' motion for attorneys fees. At that time, defendants retained counsel and eventually moved to set aside the default judgments. Plaintiffs oppose defendants' motion, arguing that defendants' conduct led to the default, they have no meritorious defense, and plaintiffs will suffer prejudice.

Federal Rule of Civil Procedure 55(c) provides: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Under Federal Rule of Civil Procedure 60(b)(1), "on motion and just terms," a court may relieve a party from final judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect."

Excusable neglect under Rule 60(b)(1) covers cases of negligence, carelessness and inadvertent mistake. <u>Bateman v. U.S.</u>

Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000). The determination of whether neglect is excusable is an equitable one that depends on several factors, including: 1) prejudice to the opposing party; 2) the length of the delay and its potential impact on the proceedings; 3) the reason for the delay; and 4) the movant's good faith. Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (citing factors set forth in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)); see also Bateman, 231 F.3d at 1223-24 (district court must apply Pioneer equitable test under Rule 60(b)(1)). Thus, a court may decline to set aside judgment where a movant's culpable conduct led to default, no meritorious defense exists, or prejudice to the opposing party will occur. See Brandt v. Am. Bankers Ins. Co. of Fl., 653 F.3d 1108, 1111 (9th Cir. 2011); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). However,

> [t]he discretion of the court is limited by three policy considerations. First, because of the remedial nature of Rule 60(b), it must be liberally applied. Second, because default judgments are disfavored, cases should be decided on their merits if possible. Thirdly, so long as relief is timely sought, and there is a meritorious defense, any doubt should be resolved in favor of setting aside a default judgment.

In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).

Here, I find that defendants' failure to answer was not "intentional" or "culpable." TGI Group Life, 244 F.3d at 697 ("[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally*

3   - OPINION AND ORDER

failed to answer.") (citation omitted). Plaintiffs do not dispute that defendants' legal department did not receive notice of plaintiffs' complaint prior to entry of judgment but maintain that defendants "intentionally" understaffed their operations and therefore caused the failure to answer. While arguably not an example of efficient business operations, I find defendants' conduct to constitute excusable neglect rather than willful, deliberate actions or evidence of bad faith. See id. at 697 ("Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional; under our default cases"). Further, defendants moved to set aside the judgments in a reasonably timely manner, and vacating the judgments will have minimal impact on the proceedings given that discovery has yet to commence.

Next, defendants provide detailed arguments in support of their potential defenses, including their assertion that RESPA does not apply to plaintiff's loans for investment property and that defendants complied with all requirements in any event. Plaintiffs conclusively assert that RESPA does apply and that defendants have no meritorious defense without providing an analysis to support this assertion. Given the allegations of this case, I cannot make such a determination based on the current record and find that

4    - OPINION AND ORDER

defendants set forth potentially meritorious defenses.

Finally, I find that plaintiffs will not be unduly prejudiced, aside from the general prejudice that is suffered when a default judgment is vacated. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." TGI Group Life, 244 F.3d at 701. Plaintiffs did not expend tremendous effort or expense in litigating the case thus far, and the only identified prejudice is the emotional distress plaintiff Pecora claims in prolonged litigation and dealing with defendants and their alleged incompetency. However, I do not find that Pecora's distress overrides the stated policy of disfavoring default judgments and resolving cases on their merits. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." Id.

That said, plaintiffs were required to expend unnecessary attorney fees, and as a condition of setting aside the default judgments, defendants shall reimburse plaintiffs for reasonable attorneys fees incurred in moving for entry of default and default judgment. See Fed. R. Civ. P. 60(b) (court may set aside judgment on "just terms"); Brandt, 653 F.3d at 1110 (noting conditions set by district court); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec, 854 F.2d 1538, 1546-47 (9th Cir. 1988) (trial court has discretion to set conditions to set aside default judgment).

5    - OPINION AND ORDER

CONCLUSION

Defendants' motion to vacate (doc. 24) is GRANTED. The entries of default and default judgments (docs. 7, 8, 11, 13, 14) entered against defendants are hereby VACATED. Plaintiffs' motion for attorney fees (doc. 15) is GRANTED to the extent that defendants shall reimburse plaintiffs for reasonable attorney fees incurred in pursuing entries of default and default judgment. If the parties cannot reach agreement regarding plaintiffs' attorney fees after conferral, plaintiffs shall file a supporting affidavit detailing the tasks performed and time spent pursuing default.

Defendants shall answer plaintiffs' Complaint within twenty-one days from the date of this Order. Fact discovery shall be completed on or before October 1, 2012, and the parties shall submit a joint Alternative Dispute Resolution report and Pretrial Order on or before November 5, 2012.

IT IS SO ORDERED.

Dated this 4th day of June, 2012.

_____
Ann Aiken
United States District Judge